WO

MW

1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bilel Loussaief, | No.  CV-21-00042-PHX-JAT (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| Chad Wolf, et al., | |
| Respondents. | |

Petitioner Bilel Loussaief (A# 201-941-735), who is detained in the CoreCivic La Palma Correctional Center ("LPCC") in Eloy, Arizona, has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee.  The Court will dismiss the Petition with leave to amend.

## I.    Background

Petitioner is a native and citizen of an unknown foreign country who was detained in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), on July 26, 2019.  On October 25, 2019, he was ordered removed from the United States by an immigration judge in Dallas, Texas, and his appeal of that decision was dismissed by the Board of Immigration Appeals on April 17, 2020.[1]  Petitioner did not appeal the decision to the Fifth Circuit Court of Appeals.

---

[1] *See* Executive Office for Immigration Review Automated Case Information, https://portal.eoir.justice.gov/InfoSystem/CourtInfo.

## II.   Petition

In the Petition, Petitioner names former Acting DHS Secretary Chad Wolf, former United States Attorney General William Barr, former Acting ICE Director Tony H. Pham, former ICE Phoenix Field Office Director Henry Lucero, DHS, and ICE.

Although listed as four separate grounds, Petitioner appears to bring three claims for relief.  First, Petitioner challenges his indefinite detention.  He claims that he has been detained in excess of six months after his order of removal became final, and there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future.  Second, Petitioner challenges his prolonged detention in post-removal order custody without a hearing before an impartial decisionmaker to determine whether his detention is justified.  Third, Petitioner challenges his conditions of confinement.  He alleges there is an "increased risk of transmissibility of COVID-19" in detention and he suffers from paramyotonia congenita, or Eulenburg disease, which places him at a higher risk of severe illness if he were contract COVID-19.

Petitioner asks the Court to issue a writ of habeas corpus ordering his immediate release from detention or, in the alternative, to order Respondents to provide him with a bond hearing at which the government must establish by clear and convincing evidence that he poses a flight risk or a danger to the community in order to justify his continued detention, taking into account available alternatives to detention.

## III.   Habeas Corpus Review

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3).  The writ of habeas corpus historically "provide[s] a means of contesting the lawfulness of restraint and securing release."  *Department of Homeland Security v. Thuraissigiam*, 591 U.S. ___, 140 S. Ct. 1959, 1969 (2020); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (habeas corpus "provides a remedy to non-citizens challenging executive

detention.").

District courts are directed to screen habeas corpus petitions before requiring the government to file a response.  A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, foll. 28 U.S.C. § 2254.[2]  *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

### A.   Indefinite Detention

Petitioner fails to allege sufficient facts to state a claim of indefinite detention.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court found that 8 U.S.C. § 1231(a)(6), the post-removal order detention statute, "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit indefinite detention." *Zadvydas*, 533 U.S. at 679.  It held that six months is a presumptively reasonable period, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must respond by either rebutting that showing or releasing the alien.  *Id.* at 701.

To be eligible for release under the rule announced in *Zadvydas*, a petitioner detained under § 1231(a)(6) bears the initial burden to present grounds showing there is good reason to find that there is no significant likelihood that he will be removed in the reasonably foreseeable future, even if the six month presumptively reasonable period of detention has expired.  *See Zadvydas*, 533 U.S. at 701 (the "six-month presumption . . .

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.

does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future").

While Petitioner argues there is no significant likelihood that he will be removed in the reasonably foreseeable future, he has not alleged facts to support this claim.  For example, Petitioner does not allege that his country of removal has refused or is unable to issue him a travel document, nor has he alleged other facts which indicate that his removal is not feasible.  *See, e.g., Clark v. Martinez*, 543 U.S. 371, 384 (2005) (where repatriation negotiations for removal of aliens to Cuba had ceased, removal was not reasonably foreseeable); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (finding that because "the government [wa]s not entitled to remove Nadarajah to Sri Lanka, and no other country ha[d] been identified to which Nadarajah might be removed[,]" his removal was not reasonably foreseeable).  Absent allegations that Petitioner no longer "foreseeably remains *capable* of being removed," he fails to state a colorable claim of indefinite detention under *Zadvydas*.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065 (9th Cir. 2008) (emphasis in original).

### B.    Prolonged Detention

Petitioner also fails to allege sufficient facts to state a claim of prolonged detention without a bond hearing.  In *Diouf v. Napolitano* (*Diouf II*) 634 F.3d 1081 (9th Cir. 2011), the Ninth Circuit Court of Appeals "appl[ied] the canon of constitutional avoidance and construe[d] § 1231(a)(6) as requiring an individualized bond hearing, before an immigration judge, for aliens facing prolonged detention under that provision."  *Diouf II*, 634 F.3d at 1086.  It found that, "[a]s a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." *Id.* at 1092 n.13.  *See Aleman Gonzalez v. Barr,* 955 F.3d 762 (9th Cir. 2020) (finding *Diouf II*'s construction of § 1231(a)(6) survived *Jennings v. Rodriguez*,  583 U.S. ___, 138 S. Ct. 830 (2018)); *Flores Tejada v. Godfrey,* 954 F.3d 1245 (9th Cir. 2020) (same).

While Petitioner alleges that he has been improperly detained for more than six

months, he does not set forth any additional facts regarding his continued detention.  For example, he fails to allege whether he has requested or been denied a custody redetermination hearing before an immigration judge at which he could present his claim that he does not pose a danger or a flight risk should he be released.  Absent more specific allegations, Petitioner fails to allege that he has been subject to prolonged detention without a determination by an impartial decisionmaker as to whether his detention is justified.  For the same reasons, Petitioner has not shown that exhaustion of his administrative remedies (i.e., requesting a bond hearing) would be futile and would not obviate the need for habeas corpus intervention in the first instance.  *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

### C.    Detention Conditions

Lastly, Petitioner's challenge to his continued detention during the COVID-19 pandemic fails to state a claim for habeas corpus relief.  Petitioner does not allege any supporting facts or legal grounds that would entitle him to habeas corpus relief on this basis.  Similarly, Petitioner fails to allege facts to state a claim based on his conditions of confinement.  Petitioner does not identify any federal constitutional right allegedly violated by his conditions (e.g., the Due Process Clause of the Fifth Amendment) or any supporting legal authority for his claim.  Further, while Petitioner alleges he has a health condition that places him at an increased risk of severe illness from COVID-19, he does not set forth any allegations concerning the specific conditions, policies, or practices in place in LPCC concerning COVID-19 that create an unconstitutional risk that he will be exposed.  *See Bell v. Wolfish,* 441 U.S. 520, 535-39 (1979); *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020).

Accordingly, Petitioner fails to state a colorable claim for habeas corpus relief, and the Petition will be dismissed.

. . . .

. . . .

## IV.    Leave to Amend

Because the Petition may possibly be amended to state a claim, the Court will dismiss the Petition with leave to amend.  Within 30 days, Petitioner may submit an amended petition that cures the deficiencies outlined above.  Any amended petition must clearly identify the proper statutory or constitutional basis for each claim alleging that Petitioner's current detention is unlawful, state sufficient facts that support each particular claim, and set forth the specific relief demanded.

The Clerk of Court will mail Petitioner a court-approved form to use for filing a § 2241 Petition.  If Petitioner fails to use the court-approved form, the Court may strike the amended petition and dismiss this action without further notice to Petitioner.  An amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

Petitioner is advised that the amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original petition by reference.  An amended petition supersedes the original petition.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the previous petition is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Thus, any ground for relief that was raised in the previous petition and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in the amended petition.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V.    Warnings

### A.    Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

. . . .

**B.      Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **dismissed without prejudice**, **with leave to amend**.  Petitioner has **30 days** from the date this Order is filed to file an amended petition.

(2)      The Clerk of Court shall enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, if Petitioner fails to file an amended petition within **30 days** from the filing date of this Order and deny any pending unrelated motions as moot.

(3)      The Clerk of Court must mail Petitioner the current court-approved form for filing a "Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody."

Dated this 21st day of January, 2021.

James A. Teilborg
Senior United States District Judge

JDDL

- 7 -

**Instructions for Filing a Petition Under 28 U.S.C. § 2241**
**for Writ of Habeas Corpus by a Person in Federal Custody**
**in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  *See* LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.  If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a). **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| | | |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Respondent(s)
> _____
> (Signature)

9. Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention corpus you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Exhaustion</u>.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

                Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person
having custody of Petitioner)

                Respondent.

**CASE NO.** _____

              (To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241**
**FOR A WRIT OF HABEAS CORPUS**
**BY A PERSON IN FEDERAL CUSTODY**

## PETITION

1.   What are you challenging in this petition?
   - ☐  Immigration detention
   - ☐  Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐  Probation, parole or supervised release
   - ☐  Other (explain): _____
   _____

2.   (a)  Name and location of the agency or court that made the decision you are challenging: _____
   _____

   (b)  Case or opinion number: _____

   (c)  Decision made by the agency or court: _____
   _____
   _____

   (d)  Date of the decision: _____

**530**

3.   Did you appeal the decision to a higher agency or court?    Yes ☐    No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____
_____
_____
_____
_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?        Yes ☐        No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground One?     Yes ☐     No ☐

(c)  If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?   Yes ☐     No ☐

(c)  If yes, did you present the issue to:
       ☐ The Board of Immigration Appeals
       ☐ The Office of General Counsel
       ☐ The Parole Commission
       ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?   Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
         ☐ The Board of Immigration Appeals
         ☐ The Office of General Counsel
         ☐ The Parole Commission
         ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Four?   Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.    Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐        No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

       If yes, answer the following:

     (a)   Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐          No ☐

           If yes, answer the following:

           (1) Name of court: _____

           (2) Case number: _____

           (3) Opinion or case number: _____

           (4) Result: _____

           (5) Date of result: _____

           (6) Issues raised: _____
                 _____
                 _____

           **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

     (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____
_____
_____
_____
_____

8.    If this case concerns immigration removal proceedings, answer the following:

     (a)   Date you were taken into immigration custody: _____

     (b)   Date of removal or reinstatement order: _____

     (c)   Did you file an appeal with the Board of Immigration Appeals?   Yes ☐          No  ☐

           (1) Date you filed: _____

           (2) Case number: _____

           (3) Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)  Did you file an appeal with the federal court of appeals?     Yes ☐          No  ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


        I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                              Date


9